# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMOND SCRUGGS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br><br>MIKE SAUCES, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:15-cv-1579-GPC-BGS<br><br>**ORDER**:<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br>**[Dkt. No. 2]**<br><br>**(2) *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL.**<br>**[Dkt. No. 3]** |

　　　On July 16, 2015, Plaintiff Lemond Scruggs ("Plaintiff"), proceeding pro se, filed a complaint against Defendants Mike Sauces, Carlos Augliar, Terry Harper, and Zanaida Ramirez ("Defendants") under the Civil Rights Act, 42 U.S.C. § 1983 ("§ 1983"). (Dkt. No. 1.) Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) ("§ 1915(a)") and a motion to appoint counsel. (Dkt. Nos. 2, 3.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed IFP, *sua sponte* DISMISSES Plaintiff's complaint for failure to state a claim on which relief may granted, and DENIES Plaintiff's motion to appoint counsel.

/ / /

**Discussion**

**A.    Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted a declaration reporting that he is currently unemployed, and he receives $948 a month from Supplemental Security Income ("SSI")[2]. (Dkt. No. 2 at 2.) Plaintiff declared that he does not own a car or any real estate, and he does not have a checking account. (Id. at 2-3.) Plaintiff reported no debts nor dependents. (Id. at 3.)

In consideration of Plaintiff's application, the Court finds that Plaintiff has sufficiently demonstrated that he is unable to pay the required filing fee and meets the § 1915(a) requirements to proceed IFP. Therefore, the Court GRANTS Plaintiff's

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

[2] Plaintiff, in his motion to appoint counsel, states that he is self-employed, which is inconsistent with his statement that he is unemployed in his motion to proceed IFP. (Dkt. No. 3 at 4.) However, in both motions Plaintiff alleges that his only income is $948 a month from SSI. (Id. at 5.)

motion for leave to proceed IFP.

**B.** *Sua Sponte* **Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures 4(c)(2). Lopez, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

1  Plaintiff filed his complaint under § 1983, which provides a civil cause of action
2 for deprivation of constitutional rights. (Dkt. No. 1.) Under § 1983, a person who,
3 "under color of any statute, ordinance, regulation, custom, or usage, of any State . . .
4 subjects, or causes to be subjected, any citizen of the United States . . . to the
5 deprivation of any rights, privileges, or immunities secured by the Constitution and
6 laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

7  Plaintiff's complaint is against Defendants as individuals and in their official
8 capacity as employees of the Tenderloin Neighborhood Development Corporation
9 ("TNDC") in San Francisco, California. (Dkt. No. 1 at 4.) In his complaint, Plaintiff
10 provides some details of his time as a resident at the Ambassador Hotel, a TNDC
11 building. (Id. at 5-6.) The majority of Plaintiff's complaint seems to focus on
12 Defendant Sauces, the assistant manager at the Ambassador Hotel, who Plaintiff claims
13 issued a "3 days notice to get out," and "used several staff members," the remaining
14 Defendants, "to try [to] evict" Plaintiff. (Id. at 6.) Plaintiff asserts that Defendant
15 Sauces "does not like blacks [and] he is a racist." (Id. at 5.) Plaintiff seeks damages
16 totaling $300,000[3] and further asks that "action be taken against Defendants by the
17 Director of TNDC Housing."(Id. at 7.)

18  At no point does Plaintiff allege a constitutional violation, which is an essential
19 requirement to a claim under § 1983.[4] Accordingly, the Court DISMISSES Plaintiff's
20 complaint without prejudice for failing to state a claim pursuant to 28 U.S.C.
21 § 1915(e)(2)(B)(ii).

22  Even if Plaintiff's complaint adequately stated a claim on which relief may be
23 granted, this district is not the proper venue for this action. Venue is proper "in a
24 judicial district in which any defendant resides . . . [or] a judicial district in which a

---

[3] Plaintiff seeks $200,000 in damages and $100,000 in punitive damages. (Dkt. No. 1 at 7.)

[4] There is also the question of whether Defendants would qualify as state actors for the purposes of § 1983. However, because there is no allegation of a constitutional violation, the Court will not address whether the Defendants are state actors at this time.

substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The events that gave rise to this claim occurred in San Francisco. (Dkt. No. 1 at 5-6.) All Defendants reside in San Francisco. (Dkt. No. 1 at 4.) Therefore, this district would not be the proper venue for this claim. If Plaintiff seeks to amend his complaint, he must file a complaint with the United States District Court for the Northern District of California. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### C. Appointment of Counsel

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. (Dkt. No. 3.) The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Because the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court DENIES Plaintiff's motion to appoint counsel as moot.

### Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to proceed IFP, (Dkt. No. 2), DISMISSES Plaintiff's complaint without prejudice, (Dkt. No. 1), and DENIES Plaintiff's motion to appoint counsel, (Dkt. No. 3).

IT IS SO ORDERED.

DATED: July 29, 2015

HON. GONZALO P. CURIEL
United States District Judge